DAVIS, Judge.
Will Jefferson challenges the trial court’s order denying his motion to withdraw his nolo contendere plea. He argues that his plea was entered involuntarily due to the lack of information and misinformation provided by his counsel.
Jefferson filed his motion to withdraw plea in the trial court pursuant to Florida Rule of Criminal Procedure 3.170(Z). Upon the trial court’s denial of his motion, Jefferson now files his direct appeal pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(c). Although his motion made allegations regarding the ineffectiveness of his trial counsel, he did not seek relief under Florida Rule of Criminal Procedure 3.850.
Our review of the record does not support Jefferson’s contention that he entered an involuntary plea. During the plea colloquy, Jefferson testified that he was not coerced, that he understood the charges against him and the proposed sentence, and that he was happy with his attorney’s representation of him. His signed plea form specified that he was pleading to a twenty-year sentence as a habitual offender.
We therefore conclude that the trial court did not err in denying Jefferson’s motion to withdraw his plea on the grounds that it was involuntarily entered, and we affirm. However, we do so without prejudice to any right Jefferson might have to file a facially sufficient rule 3.850 motion alleging ineffectiveness of counsel.
Affirmed.
FULMER and KELLY, JJ., Concur.